# EXHIBIT A

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA
CIVIL DIVISION - LAW

*COMMON PLEAS COURT*
*ERIE, PA*
*2024 MAR -8  AM 11: 09*
*CLERK OF RECORDS*
*PROTHONOTARY*

| | |
|---|---|
| DIANA COLE,<br>Plaintiff<br><br>v.<br><br>ERIE RISE LEADERSHIP ACADEMY<br>CHARTER SCHOOL,<br>Defendant | No.: 10597-2024<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## NOTICE TO DEFEND

TO:  Erie Rise Leadership Academy
c/o Zainab Khadija Shields, Esquire
Mincey Fitzpatrick Ross, LLC
One Liberty Place, Suite 3600
Philadelphia, PA 19103

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED. BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYERS REFERRAL SERVICE
429 West 6th Street
Erie, Pennsylvania 16507
(814) 459-4411

Timothy D. McNair, Esquire
821 State Street
Erie, PA 16501
814-452-0700
814-454-5216

tmcnair@mcnairlaw.com

PD- $143.75

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA
CIVIL DIVISION - LAW

COMMON PLEAS COURT
ERIE, PA

2024 MAR -8  AM 11:09

CLERK OF RECORDS
PROTHONOTARY

DIANA COLE,
    Plaintiff

v.

No.: _____-2024

ERIE RISE LEADERSHIP ACADEMY
CHARTER SCHOOL,
    Defendant

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW COMES the Plaintiff, Diana Cole ("Plaintiff"), who for her Complaint against Erie Rise Leadership Academy Charter School ("Erie Rise"), pursuant to Title VII of the Civil Rights Act of 1964, as amended and the Pennsylvania Human Relations Act, respectfully represents:

1. Plaintiff is a black female residing at Erie, Erie County, Pennsylvania.

2. Defendant is Erie Rise Leadership Academy Charter School, ("Erie Rise") a Pennsylvania nonprofit corporation maintaining its office and principal place of business at 4624 State St., Erie, Erie County, Pennsylvania. Erie Rise is a private corporation operating a charter school under the auspices of the Erie School District.

3. Plaintiff was employed by Erie Rise for a year as a security guard. In that position, she was responsible for control and redirection of students who were not complying with Defendant's rules.

4. Plaintiff performed her duties in an exemplary manner. She was subjected

to a disciplinary write up on August 31, 2022 when she declined to perform duties that were not part of her job, to-wit, moving desks.

5. The principal of Erie Rise at all relevant times was David Krakoff, a white male in his late 40's to early 50's.

6. During her employment, Plaintiff was frequently subjected to unwelcome flirtatious comments by Mr. Krakoff. Mr. Krakoff would comment on Plaintiff's appearance on a daily basis, telling her how good she looked. This occurred despite the fact that she is a uniformed employee who wore the same uniform on a daily basis. On several occasions, Mr. Krakoff telephoned Plaintiff on her personal cell on the pretext that he needed to discuss a student.

7. Mr. Krakoff's behavior made Plaintiff uncomfortable, and she filed a complaint concerning his treatment of her on October 13, 2022.

8. On October 26, 2022, Plaintiff and a coworker were required to redirect a student who was attempting to leave the building. Plaintiff and her coworker were awaiting their direct supervisor to direct the manner of intervention when a caseworker began dealing with the child and the situation was escalating. At all times during this incident, Plaintiff acted in accordance with established policy and all of her actions were proper.

9. After the incident was resolved, Plaintiff was given a three day disciplinary suspension without pay by Mr. Krakoff. The suspension was in retaliation for the complaint she had filed.

10. After the filing of her complaint against Krakoff, Plaintiff was subjected to a hostile work environment. Mr. Krakoff's demeanor toward her changed significantly.

Krakoff regarded Plaintiff with anger and used his position to retaliate against Plaintiff by suspending her without cause, costing her three days' pay.

11. Krakoff recruited two Board Members in an attempt to terminate Plaintiff's employment at an informal Board meeting of October 28th. Despite Krakoff's efforts, CP's employment was not terminated.

12. Plaintiff was subjected to a hostile or offensive work environment in retaliation for her complaint. She had to encounter Mr. Krakoff on a daily basis and "walked on eggshells" for fear of further disciplinary suspensions or, as already threatened, the termination of her employment.

13. Erie Rise, at the time it decided to employ Mr. Krakoff, was aware that he had resigned two prior employment positions during or shortly after he had been investigated for engaging in the same conduct of which Plaintiff complained on October 13th.

14. Plaintiff has met the conditions precedent to the filing of this suit in that she filed a complaint with the Equal Employment Opportunity Commission which was cross filed with the Commonwealth of Pennsylvania Human Relations Commission and then transferred to the Pennsylvania Human Relations Commission, which has authorized the filing of this suit.

### COUNT I –

### DIANA COLE VS. ERIE RISE LEADERSHIP ACADEMY CHARTER SCHOOL VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED - RETALIATION FOR PROTECTED ACTIVITY

15. Plaintiff incorporates herein by reference the averments of paragraphs 1 through 14 of this Complaint as though fully set forth at length herein.

16. In making her complaint against Krakoff, Plaintiff was engaging in protected activity within the meaning of Title VII in that she complained to her employer about conduct prohibited by Title VII, specifically that Krakoff made unwelcome advances to her.

17. As the result of Plaintiff's complaint, the Employer took adverse employment actions against her by suspending her for conduct that would not reasonably call for a suspension, acting in a hostile manner toward Plaintiff, and securing the termination of Plaintiff's employment.

18. As the result of the retaliation taken against her, Plaintiff has suffered the damages set forth above.

WHEREFORE, Plaintiff respectfully demands judgment in her favor, in excess of the applicable limits for mandatory arbitration, for compensatory damages; payment of reasonable attorney's fees and reimbursement of expenses to Plaintiff's counsel for representation of Plaintiff in this case, punitive damages; and such other and further relief as the Court deems just.

**TRIAL BY JURY OF TWELVE DEMANDED**

**COUNT II – DIANA COLE VS. ERIE RISE LEADERSHIP ACADEMY CHARTER SCHOOL – CREATION OF A HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

19. Plaintiff incorporates herein by reference the averments of paragraphs 1 through 14 of this Complaint as though fully set forth at length herein.

20. The actions of Krakoff in making unwanted advances to Plaintiff, his harsh treatment of Plaintiff after her complaint, and steps taken to terminate Plaintiff's

employment constitutes a hostile work environment in violation of the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.*

21. As the result of the creation of the hostile work environment, Plaintiff suffered the damages set forth above.

WHEREFORE, Plaintiff respectfully demands judgment in her favor, in excess of the applicable limits for mandatory arbitration, for compensatory damages; payment of reasonable attorney's fees and reimbursement of expenses to Plaintiff's counsel for representation of Plaintiff in this case, punitive damages; and such other and further relief as the Court deems just.

**TRIAL BY JURY OF TWELVE DEMANDED**

**COUNT III - DIANA COLE VS. ERIE RISE LEADERSHIP ACADEMY – RETALIATION IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**

22. Plaintiff incorporates herein by reference the averments of paragraphs 1 through 14 of this Complaint as though fully set forth at length herein.

23. In making her complaint against Krakoff, Plaintiff was engaging in protected activity within the meaning of the Pennsylvania Human Relations Act in that she complained to her employer about conduct prohibited by that Act, specifically that Krakoff made unwelcome advances to her.

24. As the result of Plaintiff's complaint, the Employer took adverse employment actions against her by suspending her for conduct that would not reasonably call for a suspension, acting in a hostile manner toward Plaintiff, and securing the termination of Plaintiff's employment.

25. The adverse employment actions taken against Plaintiff were in violation of Section 5(d) of the Pennsylvania Human Relations Act.

26. As the result of the retaliation taken against her, Plaintiff has suffered the damages set forth above.

WHEREFORE, Plaintiff respectfully demands judgment in her favor, in excess of the applicable limits for mandatory arbitration, for compensatory damages; payment of reasonable attorney's fees and reimbursement of expenses to Plaintiff's counsel for representation of Plaintiff in this case, punitive damages; and such other and further relief as the Court deems just.

### TRIAL BY JURY OF TWELVE DEMANDED

### COUNT IV – DIANA COLE VS. ERIE RISE LEADERSHIP ACADEMY CHARTER SCHOOL – HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. 951, ET SEQ.

27. Plaintiff incorporates herein by reference the averments of paragraphs 1 through 14 of this Complaint as though fully set forth at length herein.

28. The actions of Krakoff in making unwanted advances to Plaintiff, his harsh treatment of Plaintiff after her complaint, and steps taken to terminate Plaintiff's employment constitutes a hostile work environment in violation of the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq*.

29. As the result of the creation of the hostile work environment, Plaintiff suffered the damages set forth above.

WHEREFORE, Plaintiff respectfully demands judgment in her favor, in excess of the applicable limits for mandatory arbitration, for compensatory damages; payment of reasonable attorney's fees and reimbursement of expenses to Plaintiff's counsel for representation of Plaintiff in this case, punitive damages; and such other and further relief as the Court deems just.

**TRIAL BY JURY OF TWELVE DEMANDED**

| | |
|---|---|
| **CERTIFICATE OF COMPLIANCE**<br><br>I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.<br><br>_/s/ Timothy D. McNair_<br>Timothy D. McNair, Esquire | Respectfully submitted,<br><br>MCNAIR LAW OFFICES, PLLC<br><br>By: _/s/ Timothy D. McNair_<br>Timothy D. McNair, Esquire<br>Pa. ID#34304<br>821 State Street<br>Erie, PA 16501<br>(814) 452-0700<br>(814) 454-2371 (fax)<br>tmcnair@mcnairlaw.com |

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA
CIVIL DIVISION - LAW

| | |
|---|---|
| DIANA COLE,<br>    Plaintiff<br><br>v.<br><br>ERIE RISE LEADERSHIP ACADEMY<br>CHARTER SCHOOL,<br>    Defendant | No.: _____-2024<br><br>**JURY TRIAL DEMANDED** |

## VERIFICATION

I, Diana Cole, have read the foregoing Complaint and attest that the statements therein contained are accurate to the best of my knowledge, information and belief. This verification is made subject to the provisions of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

Date: _____          _____
                                                                            Diana Cole