## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANA COLE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:24-cv-00119 |
| | ) | |
| v. | ) | Honorable Susan Paradise Baxter |
| | ) | |
| ERIE RISE LEADERSHIP ACADEMY | ) | |
| CHARTER SCHOOL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Erie Rise Leadership Academy Charter School ("Erie Rise" or "Defendant"), by and through its undersigned counsel, files the following Answer and Defenses to Plaintiff Diana Cole's ("Plaintiff") Complaint.

1.     Erie Rise admits the allegations in Paragraph 1 of the Complaint.

2.     Erie Rise admits in part and denies in part the allegations in Paragraph 2 of the Complaint. Erie Rise denies that the charter school is currently operating. The remaining allegations in Paragraph 2 are admitted.

3.     Erie Rise admits the allegations in Paragraph 3 of the Complaint.

4.     Erie Rise admits in part and denies in part the allegations in Paragraph 4 of the Complaint. Erie Rise admits that Plaintiff received written discipline on or about August 31, 2022. The remaining allegations in Paragraph 4 are denied.

5.     Erie Rise admits in part and denies in part the allegations in Paragraph 5 of the Complaint. Erie Rise denies that David Krakoff was employed as the principal. Krakoff was employed as Director of Education for Erie Rise. The remaining allegations in Paragraph 5 are admitted.

6.      Erie Rise denies the allegations in Paragraph 6 of the Complaint.

7.      Erie Rise admits in part and denies in part the allegations in Paragraph 7 of the Complaint. Erie Rise admits that on or about October 13, 2022, Plaintiff complained about Krakoff. Defendant is without sufficient information or knowledge to form a belief at the truth of the remaining allegations in Paragraph 7; the allegations are therefore denied.

8.      Erie Rise admits in part and denies in part the allegations in Paragraph 8 of the Complaint. Erie Rise admits that on October 26, 2022, Plaintiff was involved in an incident with a student and that a caseworker also became involved. The remaining allegations in Paragraph 8 are denied.

9.      Erie Rise admits in part and denies in part the allegations in Paragraph 9 of the Complaint. Erie Rise admits only that Plaintiff was given a three-day suspension. The remaining allegations in Paragraph 9 are denied.

10.     The allegations in Paragraph 10 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, those allegations are denied. Defendant further denies the remaining allegations in Paragraph 10 of the Complaint.

11.     Erie Rise admits in part and denies in part the allegations in Paragraph 11 of the Complaint. Defendant admits it did not terminate Plaintiff on October 28, 2022. The remaining allegations in Paragraph 11 of the Complaint are denied.

12.     The allegations in Paragraph 12 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, those allegations are denied.

13.     Erie Rise denies the allegations in Paragraph 13 of the Complaint.

14.     The allegations in Paragraph 14 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, those allegations are denied.

## COUNT I

### DIANA COLE VS. ERIE RISE LEADERSHIP ACADEMY CHARTER SCHOOL VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED – RETALIATION FOR PROTECTED ACTIVITY

15.     Defendant restates and incorporates its answers to Paragraphs 1 through 14 of the Complaint as though set forth at length herein.

16.     The allegations in Paragraph 16 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

17.     The allegations in Paragraph 17 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

18.     The allegations in Paragraph 18 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in her favor or to the relief requested in the WHEREFORE clause following Paragraph 18 of the Complaint. Defendant requests that the Court dismiss these claims, with prejudice, in their entirety and that Defendant be awarded costs, expenses, interest on those amounts, and any such further relief that this Court may deem appropriate.

**COUNT II – DIANA COLE VS. ERIE RISE LEADERSHIP ACADEMY CHARTER SCHOOL – CREATION OF A HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

19.    Defendant restates and incorporates its answers to Paragraphs 1 through 18 of the Complaint as though set forth at length herein.

20.    The allegations in Paragraph 20 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

21.    The allegations in Paragraph 21 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in her favor or to the relief requested in the WHEREFORE clause following Paragraph 21 of the Complaint. Defendant requests that the Court dismiss the claims, with prejudice, in their entirety and that Defendant be awarded costs, expenses, interest on those amounts, and any such further relief that this Court may deem appropriate.

**COUNT III – DIANA COLE VS. ERIE RISE LEADERSHIP ACADEMY – RETALIATION IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**

22.    Defendant restates and incorporates its answers to Paragraphs 1 through 21 of the Complaint as though set forth at length herein.

23.    The allegations in Paragraph 23 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

24.     The allegations in Paragraph 24 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

25.     The allegations in Paragraph 25 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

26.     The allegations in Paragraph 26 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in her favor or to the relief requested in the WHEREFORE clause following Paragraph 26 of the Complaint. Defendant requests that the Court dismiss the claims, with prejudice, in their entirety and that Defendant be awarded costs, expenses, interest on those amounts, and any such further relief that this Court may deem appropriate.

### COUNT IV – DIANA COLE VS. ERIE RISE LEADERSHIP ACADEMY CHARTER SCHOOL – HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE PENNSYLVANIA HUMAN REALTIONS ACT, 43 P.S. 951, ET SEQ.

27.     Defendant restates and incorporates its answers to Paragraphs 1 through 26 of the Complaint as though set forth at length herein.

28.     The allegations in Paragraph 28 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

29.     The allegations in Paragraph 29 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

WHEREFORE, Defendant, Erie Rise, denies that Plaintiff is entitled to judgment in her favor or to the relief requested in the WHEREFORE clause following Paragraph 29 Complaint. Defendant further denies that Plaintiff is entitled to judgment in her favor or to any relief under the allegations set forth in the Complaint. Defendant requests that the Court dismiss the claims, with prejudice, in their entirety and that Defendant be awarded costs, expenses, interest on those amounts, and any such further relief that this Court may deem appropriate.

\*     \*     \*

To the extent that any of Plaintiff's averments in the Complaint have not been admitted or denied by Defendant, they are hereby denied.

## DEFENSES

Erie Rise asserts the following defenses, without prejudice to its rights to argue that Plaintiff bears the burden of proof regarding some or all of these defenses.

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, by the doctrines of waiver and/or estoppel, unclean hands, and laches.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Plaintiff failed to mitigate her alleged damages.

## FIFTH DEFENSE

At all times relevant hereto, Erie Rise made a good faith effort to comply with all federal and state laws.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Plaintiff cannot establish a prima facie case of retaliation or hostile work environment.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Erie Rise exercised reasonable care to prevent and promptly correct any discriminatory conduct, and because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any harm Plaintiff suffered was due to her own conduct.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Plaintiff cannot prove by a preponderance of the evidence that Erie Rise's legitimate, nondiscriminatory reasons for taking any employment-related action were pre-textual.

## TENTH DEFENSE

To the extent Plaintiff recovers any movies from collateral sources, Erie Rise is entitled to a set-off.

## ELEVENTH DEFENSE

If any allegations of unlawful conduct are true, Erie Rise's employees implicated in those allegations acted on their own, in violation of Erie Rise's policies prohibiting such conduct, and acted outside the scope of their employment.

## TWELFTH DEFENSE

Erie Rise made good faith efforts to comply with the law and should not be liable for any discriminatory acts by employees of Defendant.

## THIRTEENTH DEFENSE

All events which occurred more than three hundred days prior to the filing of Plaintiff's charge of employment discrimination with the EEOC are untimely and are not properly asserted in this action; nor is Plaintiff entitled to relief for any events which occurred more than three hundred days prior to the filing of her charge of employment discrimination.

## FOURTEENTH DEFENSE

Although Erie Rise denies Plaintiff was exposed to a hostile work environment, Erie Rise asserts that it exercised reasonable care to prevent and correct promptly any harassing behavior, and that Plaintiff has unreasonably failed to take advantage of any preventive or corrective opportunity provided or to avoid harm otherwise.

## FIFTEENTH DEFENSE

Any claim for punitive damages violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Pennsylvania Constitution and such damages are, therefore, not recoverable in this action. Further, the claim for punitive damages violates the federal doctrine of Separation of Powers because punitive damages are a creation of the judicial branch of government and invade the province of the legislative branch; therefore, any claim for punitive damages must be dismissed.

* * *

Defendant reserves the right to assert additional defenses to the extent such defenses become known throughout this litigation.

Date:  May 20, 2024

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Marla N. Presley*
Marla N. Presley
PA ID No. 91020
Marla.Presley@jacksonlewis.com
Kelly L. Mistick
PA ID No. 315545
Kelly.Mistick@jacksonlewis.com
1001 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
(412 338-5148
(412) 232-3441 Facsimile

*Counsel for Defendant*