## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANA COLE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:24-cv-00119 |
| | ) | |
| v. | ) | Honorable Susan Paradise Baxter |
| | ) | |
| ERIE RISE LEADERSHIP ACADEMY | ) | |
| CHARTER SCHOOL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### FED. R. CIV. P. 26(F) REPORT OF THE PARTIES

Counsel for the parties and unrepresented parties shall confer regarding the matters identified herein and prepare a signed report in the following form to be filed at least 7 days before the Initial LCvR 16.1 Scheduling Conference or at such other time as ordered by the court. This report form may be downloaded from the Court's website as a word-processing document and the information filled in as requested on the downloaded form. The dates to be provided in the report are suggested dates and may be accepted or modified by the Court.

1. **Identification of counsel and unrepresented parties**. Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

Timothy D. McNair, Esq.
PA ID No. 34304
tmcnair@mcnairlaw.com
McNair Law Offices, PLLC
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371 *facsimile*

*Counsel for Plaintiff*

Marla N. Presley
PA ID No. 91020
marla.presley@jacksonlewis.com
Kelly Mistick, Esq.
PA ID No. 315545
Kelly.Mistick@jacksonlewis.com
Jackson Lewis P.C.
1001 Liberty Ave, Suite 1000
Pittsburgh, PA 15222
(412) 338-5148
(412) 232-3441 *facsimile*

*Counsel for Defendant*

2.     **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc.):

Plaintiff initiated this action on March 8, 2024, alleging that Defendant violated Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act when it allegedly created a hostile work environment and retaliated against her for engaging in a protected activity. Defendant denies that it violated any laws with respect to Plaintiff, including those cited in her Complaint, and denies that Plaintiff is entitled to damages. Defendant contends that any action taken with respect to Plaintiff was for legitimate, nondiscriminatory business reasons.

3.     **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

The Conference was held on May 21, 2024, with Timothy D. McNair, Esq., participating for Plaintiff, and Marla N. Presley, Esq., participating for Defendant.

4.     **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**: (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

Per the Court's May 21, 2024 Order, the Initial Case Management Conference is scheduled for July 23, 2024 at 2:30 p.m.

5.     **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

None at this time.

6.     **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The parties have agreed to mediation. The parties are working to confirm a mediator and mediation date and will file an amended 26(f) Report and ADR Stipulation prior to the Initial Case Management Conference.

7.     **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

None.

8.    **Subjects on which fact discovery may be needed**.  (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

The parties anticipate they will conduct fact discovery regarding:

- Plaintiff's allegations in the Complaint;
- Plaintiff's employment by Defendant, including Plaintiff's job duties, compensation, work performance, and disciplinary record;
- The facts surrounding each instance of purported harassment and/or retaliation Plaintiff experienced;
- Defendant's applicable workplace policies, practices, and procedures;
- Plaintiff's alleged damages, including mitigation efforts, if any; and
- The defenses set forth in Defendant's Answer.

9.    **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery.  In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below.  The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date.  Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

a.    **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** July 30, 2024

b.    **Date by which any additional parties shall be joined:**  July 30, 2024

c.    **Date by which the pleadings shall be amended:**  July 30, 2024

d.    **Date by which fact discovery should be completed:** November 20, 2024

e.    **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

Fact Discovery followed by Post Discovery Status Conference.

f.    **Date by which plaintiff's expert reports should be filed:**  The parties have agreed to schedule a post-discovery status conference at the conclusion of fact discovery.

    **g.**    **Date by which depositions of plaintiff's expert(s) should be completed:** The parties have agreed to schedule a post-discovery status conference at the conclusion of fact discovery.

    **h.**    **Date by which defendant's expert reports should be filed:** The parties have agreed to schedule a post-discovery status conference at the conclusion of fact discovery.

    **i.**    **Date by which depositions of defendant's expert(s) should be completed:** The parties have agreed to schedule a post-discovery status conference at the conclusion of fact discovery.

    **j.**    **Date by which third party expert's reports should be filed:** The parties have agreed to schedule a post-discovery status conference at the conclusion of fact discovery.

    **k.**    **Date by which depositions of third party's expert(s) should be completed:** The parties have agreed to schedule a post-discovery status conference at the conclusion of fact discovery.

10. If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

   The parties anticipate that the limitations on discovery imposed under the Federal Rule of Civil Procedure or by Local Rule will be appropriate for the duration of this case with the stipulation that confidentiality covering all aspects related to the litigation is required.

11. Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):

    **a.**    **ESI**. Is either party seeking the discovery of ESI in this case?

        X  Yes     ☐   No [If "No," skip to sub-part (e) below.]

    **b.**    **ESI Discovery Plan**. The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

    X  Yes

        _____
        _____
        _____

        ☐   Have developed an ESI discovery plan (as attached).
        ☐   Will have an ESI discovery plan completed by_____

NOTE:  At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI.  If the parties are unable to do so, they should advise the Court promptly.

**c.**   **Preservation.**  Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?

X Yes         ☐   No

**d.**   **ADR.**  Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?

X Yes         ☐ No

Plaintiff has requested discovery prior to conducting ADR.

**e.**   **Clawback Agreement.**  The parties have reviewed F.R.C.P. 26(b)(5), F.R.E.  502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

X - Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.
☐     Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.
☐   Are unable to agree on appropriate non-waiver language.

**f.**   **EDSM and E-Mediator.**  Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.

☐   Yes         X   No

**g.**   **Other**.  Identify all outstanding disputes concerning any ESI issues:

None.

**12.**   Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:  (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below.  Those dates will be determined, if necessary, at the Post-Discovery Status Conference.  Lead trial counsel for each party and each unrepresented party are required to attend the Post- Discovery Status Conference with their

calendars in hand to discuss those items listed  below that require scheduling.  In addition, a representative with settlement authority of  each party shall be required to attend; representatives with settlement authority of any  insurance company providing any coverage shall be available throughout the  Conference by telephone):

**The parties have elected to schedule a Post-Discovery Status Conference following the completion of fact discovery.**

    **a.**      **Settlement and/or transfer to an ADR procedure;**

    **b.**      **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected  to defer such discovery until after the Post-Discovery Status Conference;**

    **c.**      **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

    **d.**      **Dates by which parties' pre-trial statements should be filed;**

    **e.**      **Dates by which *in limine* and *Daubert* motions and responses thereto  should be filed;**

    **f.**      **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

    **g.**      **Dates proposed for final pre-trial conference;**

    **h.**      **Presumptive and final trial dates.**

**13.**    Set forth any other order(s) that the parties agree should be entered by the court  pursuant to Fed. R. Civ. P. 16(b) or 26(c):

    **The parties will submit a Stipulation of Confidentiality and Protective Order pursuant to Rule 26(c) to protect employee personnel information and other confidential information**.

**14.**    Set forth whether the parties anticipate that the court may have to appoint a special  master to deal with any matter and if so, specify the proposed role of any such master  and any special qualifications that such master may require to perform such role:  **No.**

**15.**    If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not  been reached:  **N/A**

**16.**    Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

    **The parties have begun discussing the possibility of settlement.**

Date: June 18, 2024                                      Respectfully submitted,

MCNAIR LAW OFFICES, PLLC                                 JACKSON LEWIS P.C.


*/s/Timothy D. McNair*                                   */s/ Marla N. Presley*
Timothy D. McNair, Esq.                                  Marla N. Presley, Esq.
PA ID No. 34304                                          PA ID No. 91020
tmcnair@mcnairlaw.com                                    Marla.Presley@jacksonlewis.com
821 State Street                                         Kelly Mistick, Esq.
Erie, PA 16501                                           PA ID No. 315545
(814) 452-0700                                           Kelly.Mistick@jacksonlewis.com
(814) 454-2371 *facsimile*                               1001 Liberty Avenue, Suite 1000
                                                         Pittsburgh, PA 15222
*Counsel for Plaintiff*                                  (412) 232-0404
                                                         (412) 232-3441 *facsimile*

                                                         *Counsel for Defendant*